UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gary Nicks, | Case No.: 2:22-cv-01683-JAD-BNW |
| Plaintiff | |
| v. | **Order Granting in Part Motion for Attorney's Fees and Costs** |
| PlusFour, Inc., | [ECF No. 22] |
| Defendant | |

Gary Nicks sued PlusFour, Inc. for violating the Fair Credit Reporting Act (FCRA), alleging that it "inaccurately reported that [p]laintiff's account had an unpaid balance."[1] PlusFour failed to answer Nicks's complaint, so the Clerk of Court entered default judgment against PlusFour for $1,000 in damages.[2] Nicks now moves for attorney's fees and costs. Because he is entitled to reasonable attorney's fees under FCRA and the fees requested are reasonable, I grant the motion and award Nicks $1,862.00 in attorney's fees. But I deny without prejudice the part of Nicks's motion requesting reimbursement for filing fees and service-of-process expenses because they are instead taxable costs.

**Discussion**

**A.     Nicks is entitled to fees under the Fair Credit Reporting Act.**

The American Rule instructs that each party in litigation "bear[s] its own attorney[s'] fees in the absence of a rule, statute, or contract authorizing an award of fees."[3] FCRA's fees-and-cost provision, 15 U.S.C. § 1681*o*(a)(2), entitles a prevailing party to "the costs of the action

---

[1] ECF No. 3 at ¶ 36.
[2] ECF No. 21 (clerk's entry of default).
[3] *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

together with reasonable attorney's fees as determined by the court."[4]  "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation [that] achieves some benefit the parties sought in bringing suit."[5]  Fee shifting under FCRA is mandatory.[6]

Nicks prevailed in his suit and recovered an award of $1,000.[7]  Because this award of default judgment qualifies as a "successful action" under FCRA, he is entitled to an award of costs and reasonable attorney's fees.[8]

**B.    The fees requested are reasonable under the lodestar method.**

The lodestar method is the required starting point when determining reasonable-fee awards and is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."[9]  Requests for attorney's fees must also satisfy Local Rule 54-14, which requires any application to include an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and a "brief summary" of 12 categories of information designed to elicit more information about the case and the work that the attorney performed.[10]  After calculating a lodestar figure, the court may review the reasonableness of the award under the factors adopted by the Ninth Circuit in *Kerr v. Screen*

---

[4] 15 U.S.C. § 1681*o*(a)(2).

[5] *Hensley*, 461 U.S. at 433.

[6] *See Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 261 n.34 (1975) (characterizing as mandatory the Truth in Lending Act's attorney's-fees provision, which is identical to the FCRA's fee-shifting provision).

[7] ECF No. 11.

[8] 15 U.S.C. § 1681*o*(a)(2).

[9] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

[10] L.R. 54-14(a)–(b).

*Extras Guild, Inc.*: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases."[11]  Although lodestar figures are presumed reasonable, district courts may decrease or—in rare circumstances—increase them.[12]

      Nicks requests $1,862.00 in attorney's fees.[13]  His attorney submitted billing records and an affidavit showing that he worked on the case for approximately 3.92 hours at a $475.00 hourly rate.[14]  He achieved a positive result for his client within a reasonable number of hours given the default judgment.  The rates charged and amount of work performed, compared to the local legal market and circumstances of this case, further establish the reasonableness of the lodestar calculation.[15]  I thus grant the motion and award Nicks $1,862.00 in attorney's fees.

---

[11] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citation omitted).

[12] *Hensley*, 461 U.S. at 434–37 (requiring a clear reason for adjusting the amount awarded and noting that, in exceptional cases, an enhancement may be warranted); *see also City of Bulington v. Dague*, 505 U.S. 557, 562 (1992) (noting that an applicant seeking more than the lodestar amount must show that it is "necessary" and reversing an enhancement of attorney's fees based on a contingency-fee agreement).

[13] ECF No. 22 at 4.

[14] *Id.* at 23.

[15] *See e.g.*, *McGuire v. Allegro Acceptance Corp.*, 2020 WL 3432533, at *4 (D. Nev. June 22, 2020) (finding $375–$495 rates to be reasonable for experienced consumer-finance attorneys); *Reno v. Western Cab Co.*, 2022 WL 3214695, at * 2 (D. Nev. Aug. 9, 2022) (finding $475 rates for partners in Las Vegas reasonable within that partner's specialty).

### C. Taxable costs are not reimbursable through a motion for attorney's fees and costs.

Nicks also requests $457.00 in taxable costs for the filing fee and service-of-process expenses.[16] Taxable costs are not reimbursable through a motion for attorney's fees and costs.[17] These costs are taxed by the clerk, through a bill of costs, not by the court.[18] So I deny this portion of Nicks's motion without prejudice.

### Conclusion

IT IS THEREFORE ORDERED that Nicks's motion for attorney's fees [**ECF No. 22**] **is GRANTED in part**. Nicks is awarded $1,862.00 in attorney's fees. I deny the motion for costs without prejudice. **The Clerk of Court is directed to ENTER AN AMENDED JUDGMENT** reflecting this award in addition to the original $1,000 default judgment.

_____
U.S. District Judge Jennifer A. Dorsey
October 24, 2023

---

[16] *Id.* at 21.
[17] *See* 28 U.S.C. § 1920(1); Fed. R. Civ. P. 54(d)(1); LR 54-1.
[18] *Id.*